IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDERICO RAMSEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 2:23-cv-627-MHT-CWB ) [WO] |
| ALAN COHEN, | ) ) |
| Respondent. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   Introduction**

Frederico Ramsey, an inmate at Maxwell Federal Prison Camp, initiated these proceedings by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge a conviction entered in the United States District Court for the District of Kansas. (Doc. 1). Ramsey alleges that his conviction is unconstitutional based upon the decision of the United States Supreme Court in *Burrage v. United States,* 571 U.S. 204 (2014). (Doc. 1-1 at p. 1). For the reasons that follow, the undersigned concludes that these proceedings should be dismissed for lack of jurisdiction.

**II.   Discussion**

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Although brought as a petition under 28 U.S.C. § 2241, Ramsey's pleading thus must be evaluated to determine whether it was properly styled as such and whether it would be more appropriate for treatment as a motion to vacate under 28 U.S.C. § 2255.

1

Section 2241 provides an avenue to challenge such matters as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). In contrast, however, Ramsey is challenging the actual legality of his conviction and sentence. A federal prisoner generally must bring such a collateral attack through a motion to vacate under § 2255 rather than as a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *see also Venta v. Warden, FCC Coleman-Low*, No. 16-14986-GG, 2017 WL 4280936 at *1 (11th Cir. 2017). A prisoner challenging the legality of his conviction or sentence may proceed under § 2241 <u>only</u> if he shows that § 2255 would be an "inadequate or ineffective test to the legality of his detention." 28 U.S.C. § 2255(e) (the so-called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990-91 (11th Cir. 2018). The distinction between petitions filed under § 2241 and motions filed under § 2255 is significant in that § 2241 petitions are to be brought in the district where the prisoner is incarcerated, *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004), while motions under § 2255 must be pursued in the district of conviction:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, **may move the court which imposed the sentence** to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).

When a prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention." *McCarthan*, 851 F.3d at 1090 ("Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions."). Because Ramsey's claims fall squarely within the realm encompassed by § 2255, and notwithstanding the label he has placed on his filing, the "petition" under § 2241 will be construed appropriately as a motion under § 2255. Jurisdiction over Ramsey's pending claims therefore would lie exclusively in the District of Kansas. *See* 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 1631, a court finding that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought. However, a § 1631 transfer to the District of Kansas would be futile in this case. The undersigned notes that Ramsey previously filed a § 2255 motion that was denied on the merits by the District of Kansas. *See United States v. Ramsey*, Nos. 09-20046-4-CM & 14-2608-CM, 2019 WL 5726902 at *1 (D. Kan. Nov. 5, 2019), *certificate of appealability denied sub nom. United States v. Ramsey,* 830 F. App'x. 584 (10th Cir. 2020). Pursuant to the Antiterrorism and Effective Death Penalty Act, a prisoner must seek authorization from the appropriate court of appeals "[b]efore a second or successive [motion] is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also id*. at § 2255(h). Ramsey has presented no evidence that he obtained such permission; to the contrary, his filing reflects that no leave was sought. (Doc. 1 at p. 4). Under such circumstances, the undersigned finds that the interest of justice does not warrant a § 1631 transfer and that dismissal is proper. *See Guenther v. Holt*, 173 F.3d 1328, 1330 n.4 (11th Cir. 1999) (observing that the language of § 2244(b)(3)(A) may prohibit a § 1631 transfer of a successive application for collateral review).

3

### III. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Ramsey's construed § 2255 motion be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **November 22, 2023**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection has been made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations, and the court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

**DONE** this the 8th day of November 2023.

CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE